Terhune *v.* White.

JOHN V. TERHUNE

*v.*

MARY C. WHITE, executrix, et al.

1. A claim against the estate of a decedent on his assumption of a mortgage is, before foreclosure, only contingent, and consequently cannot be proved as a debt against his estate before that time.

2. There must be a *decree* of the orphans court, or creditors' claims, although not presented within the prescribed time, are not barred.

Bill to compel payment of the deficiency existing after applying the proceeds of the sale of mortgaged premises to the mortgage. On rehearing of decree advised by an advisory master.

*Mr. E. E. Green* and *Mr. J. Wilson,* for defendant executrix of George White.

*Mr. J. F. Hageman, jun.,* for complainant.

THE CHANCELLOR.

A rehearing of this cause is sought by the defendant, the executrix of George White, deceased. The suit is brought to

establish and enforce her liability to pay deficiency. The advisory master to whom the cause was referred advises that a decree be made against her. The facts are, that the premises were conveyed to White in 1872, subject to several mortgages, among which was that of the complainant, and he assumed the payment of the latter encumbrance as part of the consideration of the conveyance. White died February 15th, 1872. His will was proved on the 27th of that month. On the same day, an order of the orphans court was duly made, requiring the creditors of the estate to bring in their claims within nine months. Publication of it was made, as required by law. The time limited expired November 27th, 1877. The complainant never put in his claim. In 1878, he began a suit in this court to foreclose his mortgage, and the premises were sold under the final decree therein in November of that year. There was a deficiency. This suit was brought in 1879. The liability which it is brought to establish and enforce is purely equitable, resting wholly on the doctrine of equitable subrogation; and while it may be said to have existed in contemplation of equity, under the circumstances which the case presents, from the time when the assumption was made, yet it was from the time when the deed to White was given, subject to extinguishment by the *bona fide* action of the parties to that deed, and their legal representatives, up to the time when the proceedings in foreclosure were begun. *Crowell* v. *Hosp. of St. Barnabas, 12 C. E. Gr. 650.* And, moreover, it was not enforceable, and was, therefore, merely contingent at most, until the fact of the existence of a deficiency had been established. It could not have been, before that time, proved as a claim against the estate of White, for it was a mere contingent equity, and in no sense a legal liability. Apart from that consideration, under the facts the order to limit creditors of itself constitutes no bar to the decree sought in this suit. It is not alleged that the estate of White proved insolvent, and the order was not followed by a final decree of the orphans court barring creditors. By the sixty-second section of the orphans court act (*Rev. 764*), it is provided that after the expiration of the time limited in the order, the orphans

court, upon proof to its satisfaction that the notice has been set up and advertised as directed, may, by final decree, order that all creditors who have not brought in their claims within the time in the order directed shall be barred from any action therefor against the executor or administrator; and that any creditor who shall have neglected to bring in his debt, demand or claim within the time so limited shall, by such decree, be forever barred of his action therefor against such executor or administrator, except as thereinafter provided; and the proviso referred to is, that in case such creditor so failing to present his debt, demand or claim shall, after the final settlement of the account of the executor or administrator, find some other estate not accounted for, he shall be entitled to have his debt, demand or claim paid thereout, or a ratable proportion thereof, in case other creditors shall be barred of their debts, demands or claims. Before the passage of the Revision the order and notice constituted such bar. *Nix. Dig. 653* § *70; Ryan v. Flanagan's Admr., 9 Vr. 161.* And it was provided that the orphans court might, on proof to its satisfaction of the publication of the order to limit, by its final decree, order that all creditors who had not come in within the time limited should be barred; and it was also provided that the decree should be conclusive. *Nix. Dig. 308* § *29.* By the Revision, the law has been changed, and the revised act declares in terms that the decree shall constitute the bar. It is not profitable to consider whether it was within the province of the revisers to make such alteration in the law, for the act as it stands is not their act, but the act of the law-making power. It is urged on the part of the complainant that the supreme court, in *Ryder v. Wilson's Exr., 12 Vr. 9,* construed the provision under consideration, and held that, except there be a decree, there will be no bar. This court, in the construction of a statute, follows that which the courts of law have put upon it. Such is necessarily the rule. It is obvious that a different rule would produce infinite confusion. The supreme court, however, in the case referred to, does not construe the act, and what is said on the subject is a mere statement of the position of the demurrant, yet it is manifest from the opinion that it assumes

that, by the revision, a change was introduced, and that now there is no bar unless there be a final decree.

The decree will be signed, as advised by the master.